## United States *v.* Crepe Kraft Co., Inc., et al.

**No. 5237.**—Invoices dated Forshaga, Sweden, April 13 and April 14, 1937.
Certified April 15, 1937.
Entered at New York April 29, 1937.
Entry No. 863923 and 863868.

(Decided April 25, 1941)

*Charles D. Lawrence,* Acting Assistant Attorney General (*Samuel D. Spector,* special attorney), for the plaintiff.

*Sharretts & Hillis* (*Arthur L. Tallman* of counsel) for the defendants.

KINCHELOE, Judge: The appeals to reappraisement listed in schedule A attached to my decision herein and made a part hereof, involve the proper dutiable value of certain machine-glazed Kraft paper imported from Sweden. When the cases were called for hearing they were consolidated for the purpose of trial.

At the trial counsel for the respective parties stipulated in substance as follows:

(1) That the paper covered by the instant appeals to reappraisement is similar in all material respects to that which was the subject of the decision in the case of *Arkell Safety Bag Co.* v. *United States,* Reap. Dec. 4670.

(2) That the record in said case may be incorporated herein.

(3) That there is no foreign value for the paper in question.

(4) That the market values or prices at the times of exportation of the merchandise involved herein, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Sweden, for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States are:

| Reappraisement No. | Pounds | Invoiced at U. S. dollars per 100 lbs. | Export value U.S. dollars per 100 lbs. |
|---|---|---|---|
| 120424–A | 9325 | 3. 90 | 5. 10 |
|  | 2016 | 3. 20 | 4. 30 |
|  | 66455 | 3. 10 | 4. 20 |
| 120426–A |  |  |  |
| Invoice No. 1 | 95918 | 3. 20 | 4. 30 |
|  | 34436 | 3. 10 | 4. 20 |
| Invoice No. 2 | 49301 | 3. 45 | 4. 20 |
| Invoice No. 3 | 10733 | 3. 65 | 4. 30 |
|  | 49401 | 3. 55 | 4. 20 |
| Invoice No. 4 | 75343 | 3. 10 | 4. 20 |
| Invoice No. 5 | 7904 | 3. 35 | 4. 40 |
|  | 7393 | 3. 40 | 4. 50 |

All less 2 per centum cash discount, less inland freight, ocean freight, dock dues and wharfage and insurance premium, as invoiced.

In the *Arkell Safety Bag Co.* case, *supra,* the record in which case has been incorporated herein, it was found that the foreign market for machine-glazed Kraft paper, such as or similar to that involved

therein, was a controlled market subject to conditions and restrictions fixed by a cartel agreement between wholesalers and dealers; that there was no foreign-market value, within the meaning of such value as defined in section 402 (c) of the Tariff Act of 1930, for such or similar merchandise; that the proper basis of appraisement for said merchandise was export value, within the judicial interpretation of said value for tariff purposes; that all of the sales of said paper were negotiated to American importers without any restriction or condition upon the American purchaser, either as to use or quantity; and that the price of said merchandise was the same regardless of the quantity purchased.

On the basis of the entire record before me I find the following facts:

(1) That the merchandise in question consists of machine-glazed Kraft paper imported from Sweden.

(2) That the foreign market at the times of exportation of the instant merchandise for such or similar merchandise was a controlled market.

(3) That there was no foreign-market value, as such value is defined in section 402 (c) of the Tariff Act of 1930, for the instant merchandise at the times of exportation thereof.

(4) That the proper basis of appraisement for said merchandise is export value, as such value is defined in section 402 (d) of said act and as legally interpreted in the *Arkell Safety Bag Co.* case, *supra*.

(5) That such dutiable export values of said merchandise are:

| Reappraisement No. | Pounds | Invoiced at U. S. dollars per 100 lbs. | Export value U. S. dollars per 100 lbs. |
|---|---|---|---|
| 120424–A | 9325 | 3. 90 | 5. 10 |
| | 2016 | 3. 20 | 4. 30 |
| | 66455 | 3. 10 | 4. 20 |
| 120426–A | | | |
| Invoice No. 1 | 95918 | 3. 20 | 4. 30 |
| | 34436 | 3. 10 | 4. 20 |
| Invoice No. 2 | 49301 | 3. 45 | 4. 20 |
| Invoice No. 3 | 10733 | 3. 65 | 4. 30 |
| | 49401 | 3. 55 | 4. 20 |
| Invoice No. 4 | 75343 | 3. 10 | 4. 20 |
| Invoice No. 5 | 7904 | 3. 35 | 4. 40 |
| | 7393 | 3. 40 | 4. 50 |

All less 2 per centum cash discount, less inland freight, ocean freight, dock dues and wharfage and insurance premium, as invoiced.

I hold as matter of law that the correct dutiable values of the instant merchandise are the export values as set forth in fact (5). Judgment will be rendered accordingly.